UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

**DAISY CAMPOS,**
and other similarly situated individuals,

    Plaintiff(s),

v.

**PAZ CON AMOR, INC.,**
a Florida Profit Corporation,
and **DAYMI M. LINARES**, individually,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff DAISY CAMPOS, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, PAZ CON AMOR, INC., a Florida Profit Corporation, and DAYMI M. LINARES, individually, collectively ("Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, residents of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA and FMWA.

4. Defendant PAZ CON AMOR, INC., a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant DAYMI M. LINARES, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, PAZ CON AMOR, INC.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt employee from on or about 2010, through the present.

10. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was paid approximately $325.00 each week.

11. As such, Plaintiff was paid at an hourly rate of approximately $4.01 ($325.00 weekly pay ÷ 81 hours worked) for every hour worked.

12. Plaintiff was not paid the proper minimum wage rate as proscribed by the laws of the United States and the State of Florida.

13. Plaintiff, during relevant time period, from on or about January 1, 2010, through on or about December 31, 2010, was paid an hourly rate of $4.01 although the legal minimum

wage rate was $7.25. As such, client is owed approximately $13,646.88 in unpaid minimum wages ($3.24 owed minimum wage x 81 hours worked each week x 52 weeks) for this subjective year.

14. Plaintiff, during relevant time period, from on or about January 1, 2011, through on or about May 31, 2011, was paid an hourly rate of $4.01 although the legal minimum wage rate was $7.25. As such, client is owed approximately $5,511.24 in unpaid minimum wages ($3.24 owed minimum wage x 81 hours worked each week x 21 weeks) for this subjective period of time.

15. Plaintiff, during relevant time period, from on or about June 1, 2011, through on or about December 31, 2011, was paid an hourly rate of $4.01 although the legal minimum wage rate was $7.31. As such, client is owed approximately $8,286.30 in unpaid minimum wages ($3.30 owed minimum wage x 81 hours worked each week x 31 weeks) for this subjective period of time.

16. Plaintiff, during relevant time period, from on or about January 1, 2012, through on or about December 31, 2012, was paid an hourly rate of $4.01 although the legal minimum wage rate was $7.67. As such, client is owed approximately $15,415.92 in unpaid minimum wages ($3.66 owed minimum wage x 81 hours worked each week x 52 weeks) for this subjective year.

17. Plaintiff, during relevant time period, from on or about January 1, 2013, through on or about December 31, 2013, was paid an hourly rate of $4.01 although the legal minimum wage rate was $7.79. As such, client is owed approximately $15,921.36 in unpaid minimum wages ($3.78 owed minimum wage x 81 hours worked each week x 52 weeks) for this subjective year.

18. Plaintiff, during relevant time period, from on or about January 1, 2014, through on or about December 31, 2014, was paid an hourly rate of $4.01 although the legal minimum wage rate was $7.93 As such, client is owed approximately $16,511.04 in unpaid minimum wages ($3.92 owed minimum wage x 81 hours worked each week x 52 weeks) for this subjective period of time.

19. Plaintiff, during relevant time period, from on or about January 1, 2015, through on or about August 14, 2015, has been paid an hourly rate of $4.01 although the legal minimum wage rate is $8.05. As such, client is owed approximately $10,471.68 in unpaid minimum wages ($4.04 owed minimum wage x 81 hours worked each week x 32 weeks) for this subjective period of time.

20. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

21. Plaintiff, during relevant time period, from on or about January 1, 2012, through on or about December 31, 2012, worked approximately forty-one (41) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA. Plaintiff's halftime rate is $3.84 ($7.67 x 0.5) per hour for her forty-one (41) hours of overtime each week. As such, Plaintiff is owed $8,186.88 ($3.84 halftime rate x 41 overtime hours x 52 weeks) in unpaid overtime wages for this subjective year.

22. Plaintiff, during the relevant time period, from on or about January 1, 2013, through on or about December 31, 2013, worked approximately forty-one (41) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA. Plaintiff's halftime rate is $3.90 ($7.79 x 0.5) per hour for her forty-one (41) hours of overtime each week. As such, Plaintiff is owed $8,314.80 ($3.90 halftime rate x 41 overtime hours x 52 weeks) in unpaid overtime wages for this subjective year.

23. Plaintiff, during the relevant time period, from on or about January 1, 2014, through on or about June 2014, worked approximately forty-one (41) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA. Plaintiff's halftime rate is $3.97 ($7.93 x 0.5) per hour for her forty-one (41) hours of overtime each week. As such, Plaintiff is owed $8,464.04 ($3.97 halftime rate x 41 overtime hours x 52 weeks) in unpaid overtime wages for this subjective period of time.

24. Plaintiff, during the relevant time period, from on or about January 1, 2015, through on or about August 14, 2015, worked approximately forty-one (41) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA. Plaintiff's halftime rate is $3.97 ($7.93 x 0.5) per hour for her forty-one (41) hours of overtime each week. As such, Plaintiff is owed $5,208.64 ($3.97 halftime rate x 41 overtime hours x 32 weeks) in unpaid overtime wages for this subjective period of time.

25. As such, Plaintiff is owed approximately $115,938.78 ($85,764.42 unpaid minimum wage + $30,174.36 unpaid overtime wages) in **unliquidated** overtime wages as well as an additional amount as **liquidated** damages, namely $231,877.56 in liquidated overtime wages.

## COUNT I
### *Wage & Hour Federal Statutory Violation against PAZ CON AMOR, INC.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

28. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

29. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

33. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

34. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime

and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
### *Wage & Hour Federal Statutory Violation against DAYMI M. LINARES*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

28. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, PAZ CON AMOR, INC.

29. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### FMWA Violation against
### PAZ CON AMOR, INC.

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

36. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, and specifically under the provisions of Fla. Stat. § 448.110.

37. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

38. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2010 was $7.25; in 2011 was $7.31; in 2012 was $7.67; in 2013 was $7.79; in 2014 was $7.93; and in 2015 is $8.05.

39. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FMWA Violation against*
### *DAYMI M. LINARES*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

41. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, PAZ CON AMOR, INC.

42. Defendant was an employer of Plaintiff within the meaning of the Florida Minimum Wage Law.

43. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

44. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 8/17/15

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Anaeli C. Petisco, Esq.
Florida Bar No. 0113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005