## SETTLEMENT AGREEMENT AND GENERAL RELEASES

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Daisy Campos ("Plaintiff") and Paz Con Amor, Inc. and Daymi M. Linares, (collectively hereinafter referred to as "Defendants"), on this 5, day of November, 2015.

### I. RECITALS AND DEFINITIONS

A. The **"Defendants"**, shall mean Paz Con Amor, Inc. and Daymi M. Linares and shall include its/her respective predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, subsidiaries, divisions and related companies and entities, and its/her past, present and future shareholders, owners, operators, employees, officers, directors, supervisors, managers, employees, agents, heirs, beneficiaries, executors, administrators, insurers, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives (hereinafter "Releasees").

B. The **"Plaintiff"** shall mean Daisy Campos and shall include her heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

C. The **"Action"** shall mean the lawsuit pending in The Circuit Court of Florida in and for the U.S District Court, Southern District of Florida, Case No. 15-23073-CV-Moreno and any and all claims which could have arisen from the allegations contained therein.

D. **"Effective Date"**   The "Effective Date" of this Agreement is the eighth (8th) calendar day after Plaintiff's execution of this Agreement, as set forth in paragraph 4 below, provided she does not exercise her right to revoke as set forth within paragraph 4 below.

E. **"Administrative Proceeding"** An "Administrative Proceeding" includes any charge or complaint or other action instituted with a federal, state or local governmental agency including the Florida Commission on Human Relations ("FCHR"), Department of Labor ("DOL") and the U.S. Equal Employment Opportunity Commission ("EEOC").

### II. AGREEMENT AND GENERAL RELEASES

Each and every recital above is fully and expressly incorporated herein.

1. **No Admission of Guilt.** The parties hereto recognize that the Defendants do not admit, but rather, specifically deny, any liability to Plaintiff or to anyone else as a result of or arising out of matters set forth in the Action of the Plaintiff in the as described above.

2. **Consideration.** Defendant, Paz Con Amor, Inc., agrees to pay, and Plaintiff and her attorney agree to accept, the total sum of seventeen thousand dollars ($17,000), within five (5) business days after the date that this Agreement is approved by the Court and the Action is dismissed with Prejudice. The settlement funds shall be allocated as follows:

   a) The total amount of $4,350, payable to the Plaintiff as payment for all alleged wages, less applicable payroll taxes;

   b) The total amount of $4,850, payable to the Plaintiff as payment for all liquidated damages, and any other damages without withholding any taxes. This check shall be in a cashier's check;

c) The total amount of $ 500, payable to the Plaintiff as consideration for a general release and confidentiality agreement. This check shall be in a cashier's check;

d) The total amount of $4,100, payable to Remer & Georges-Pierre, LLP, as payment for Plaintiff's attorneys' fees and costs related to claims for unpaid wages. This check shall be made in a cashier's check.

e) The total amount of $3,200, payable to Remer & Georges-Pierre, LLP, as payment for Plaintiff's attorneys' fees and costs related to negotiations and the drafting of provisions concerning the general release and confidentiality provision. This check shall be made in a cashier's check.

Plaintiff and her counsel shall provide Defendant, Paz Con Amor, Inc. with a Form W-9 and no payments shall be made pursuant to this Agreement until those forms have been provided to said Defendant.

3. Except for the obligations contained herein, Plaintiff does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendants and all included entities listed above from any and all rights, obligations, liens, wage and hour claims, wage and hour damages, wage and hour demands, relief, liabilities, equities, wage and hour actions and causes of action for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against Defendants, for claims arising under or relating to:

- The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

- Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage claims against Defendants.

4. **Release.** In exchange for the settlement payments, and other good and valuable consideration, the parties hereby forever unconditionally and irrevocably releases, settles, acquits, remises, satisfies and discharges each other respective opposing party ("Releasees") of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, expenses or costs, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which either party and either parties' heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by either party in this action or otherwise arising out of their relationship with each other respective opposing party, including but not limited to any of the following alleged violations:

– The National Labor Relations Act, as amended;

– Title VII of the Civil Rights Act of 1964, as amended;

- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

- The Employee Retirement Income Security Act of 1974, as amended ("ERISA");

- The Immigration Reform Control Act, as amended;

- The Age Discrimination and Employment Act ("ADEA");

- The Older Worker Protection Benefit Act (OWPB);

- The Americans with Disabilities Act of 1990, as amended ("ADA");

- The Occupational Safety and Health Act, as amended ("OSHA");

- The Family and Medical Leave Act of 1993, as amended ("FMLA");

- The Florida Civil Rights Act, as amended;

- The Florida Equal Pay Law, as amended;

- The Florida Wage Discrimination Law, as amended;

- The Florida State Wage and Hour Laws, as amended;

- The Florida Occupational Safety and Health Laws, as amended;

- Florida's Workers Compensation Law;

- All alleged claims for handicap or disability discrimination; age discrimination; national origin discrimination, gender discrimination, sex discrimination, race discrimination, retaliation, whistle blowing, breach of contract, rescission or promises, whether pursuant to Federal or State law, in law or equity;

- Torts of all kind, including but not limited to, misrepresentation, negligence or otherwise, fraud, defamation, libel, slander, worker's compensation retaliation, interference with an advantageous business relationship, battery, negligence, intentional infliction of emotional distress, negligent security, invasion of privacy, negligent hiring, negligent retention, discrimination, claims or rights under State and Federal Whistle Blower legislation, including Sections 448.101 through 448.105, Florida Statutes, the Consolidated Omnibudget Reconciliation Act ("COBRA"), the Older Workers Benefits Protection Act ("OWBPA"), and any other claims of any kind, whether pursuant to Federal or State law, in law or equity;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; or

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

Each party specifically waives any right of action and administrative or judicial relief which they might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes, regulations, federal executive orders, county and municipal ordinances and regulations, or any claim arising out of Plaintiff's employment relationship with Defendant, Paz Con Amor, Inc. and the alleged employment relationship with Defendant, Linares.

Plaintiff and Defendants mutually acknowledge and agree that the release set forth herein is a general release and each party further expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect either or both parties' decision to enter into this Agreement. Each party further agrees that payment of the sum specified above has been accepted as a complete compromise of matters involving disputed issues of law and fact, and they assumes the risk that the facts or law may be otherwise than currently believed.

     5.    **Acknowledgements.** Plaintiff acknowledges that she has read and understands this Agreement, and moreover she specifically acknowledges the following:

     **A.**    That Plaintiff has been at all times advised by an attorney and has had sufficient opportunity to consult with an attorney before she signed this Agreement; and

     **B.**    That Plaintiff has been given twenty-one (21) days to decide whether to sign this Agreement; and

     **C.**    That Plaintiff understands that upon signing this Agreement, she has seven (7) calendar days in which to revoke her signature and that this Agreement will not become effective or enforceable until after the Effective Date (in other words, the revocation period must have expired, and Plaintiff must not have exercised her right to revoke). Specifically, Plaintiff understands that she will not receive the Consideration referred to herein until after the Effective Date. To revoke this Agreement, Plaintiff must send written notice of her desire to revoke this Agreement by certified mail and electronic mail, either personally or through her attorney, to Paul F. Penichet, Penichet Law 9655 S. Dixie Highway, Suite 310 Miami, FL 33156 and paul@penichetlaw.com no later than the eighth calendar day after Plaintiff's signature is affixed hereto. Both parties acknowledge that by signing this Agreement, they are not waiving or releasing any claims for breach of this Agreement.

     6.    **Affirmations.** Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, action or charge of discrimination, with any agency, including but not limited to the EEOC, the FCHR, the United States Department of Labor, the Florida Department of Labor and Employment Security/Florida Agency for Workforce Innovation/ Florida Department of Economic Opportunity, or any other federal, state or local agency, against Defendants, its owners, agents, officers, directors, employees, supervisors, insurers, reinsurers, and attorneys (whether former or present) in their official and individual capacity, their heirs and legal representatives, executors, administrators, successors and assigns; in any forum or form. Plaintiff further agrees that she will not voluntarily assist in the investigation or litigation of any claims, charges, or controversies brought by any person or entity against Defendants, its owners, agents, officers, directors, employees, supervisors, insurers, reinsurers, and attorneys (whether former or present) in their official and individual capacity, their heirs and legal representatives, executors, administrators, successors and assigns. Plaintiff furthermore affirms that she has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which she is entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement.

7. **Confidentiality.** Plaintiff agrees that she will not disclose any information concerning this Agreement or the existence of this Agreement and agrees to be bound by this confidentiality provision. Plaintiff further agrees not to divulge the terms, payment, or existence of this Agreement, unless required to do otherwise by legal process; if served with legal process that would require the existence and terms of this Agreement to be disclosed, Plaintiff shall provide written notice to Defendants within five (5) business days of receipt of such process. Provided that Plaintiff, if asked by a successor in interest of Defendant Paz Con Amor, Inc., may state that a written agreement was executed resolving the Action in a manner satisfactory to all parties and its terms forbid her from further commenting concerning it. A proven material breach of this provision will entitle the parties being released to liquidated damages in the amount of $3,500.00 per breach proven by clear and convincing evidence. If any action is initiated to enforce this confidentiality provision, the prevailing party shall be entitled to receive its reasonable attorneys' fees, costs and expenses incurred in such action, including all appeals stemming therefrom.

8. **Minimum Wage and Overtime Pay.** Defendant, Paz Con Amor, Inc., and successors in interest, and assignees, agree that it will continue to pay Plaintiff, for so long as Plaintiff remains employed by Defendant Paz Con Amor, Inc., the Florida minimum wage, which is currently $8.05 per hour, and that in the event Plaintiff works over 40 hours in any workweek, it will pay her the federal overtime pay of one and a half times her regular hourly rate of pay. These agreements are subject to any federal or state regulations or laws that may impose or allow a different wage to be paid to Plaintiff in her then current position. In such event, said Defendant shall apprise Plaintiff of the regulation or law it is relying on. Said Defendant shall keep or instruct Plaintiff to keep a record of the hours she works each day, excluding any bonafide breaks.

9. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provisions shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. **No Admission of Wrongdoing.** Plaintiff and Defendants mutually agree that neither this Agreement, nor the furnishing of the consideration for this Agreement and its Releases shall be deemed or construed at any time for any purpose as an admission by either Plaintiff or Defendants of any liability or unlawful conduct of any kind, or that one party has any rights whatsoever against the other or against any of the other released parties. The parties specifically acknowledge that Defendants are agreeing to the consideration referenced above solely to avoid the cost and business disturbance brought about by litigation.

11. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

12. **Breach of Agreement and General Release; Attorneys' Fees and Costs.** The foregoing General Release contained in this Agreement shall not be construed to cover or include any breaches or violations of the terms and provisions of this Agreement, and the violating party shall be liable to the non-violating party in damages for breach of the Agreement set forth herein. Should legal action ensue between the parties hereto for an alleged breach or for enforcement of the Agreement, the venue of such actions shall be the Court which the Subject Action was brought in, and the prevailing party shall be entitled to recover from the other its costs of the action, including reasonable attorneys' fees, costs and expenses, including all appeals.

13. **Severability.** Each provision of this Agreement is intended to be fully severable. If any court of competent jurisdiction determines that any provision of this Agreement is illegal, invalid or unenforceable in any manner, the remainder of this Agreement will remain in force, unless the Release is deemed unenforceable in which case, the entire Agreement will be null and void.

14. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except for those set forth in this Agreement.

PLAINTIFF HAS BEEN ADVISED THAT SHE HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW THIS AGREEMENT AND GENERAL RELEASE AND HAS CONSULTED WITH HER ATTORNEYS, PRIOR TO EXECUTING THIS AGREEMENT AND GENERAL RELEASE. HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEM BY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

PLEASE READ CAREFULLY, THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

State of Florida )
)
County of Miami Dade )

By: _____   Dated: 11/05/15
Daisy Campos, Plaintiff

SWORN TO AND SUBSCRIBED before me by Daisy Campos this ___ day of November, 2015, ☐ who is personally known by me OR ☐ who provided me _____ identification.

_____
NOTARY PUBLIC
State of Florida
My commission expires: 1/30/16

By: _____   Dated: 11/06/15
Daymi M. Linares, individually and for Paz Con Amor, Inc. as its corporate officer, Defendants

Adrianna Delgado
COMMISSION # EE 164709
EXPIRES: JAN. 30, 2016
WWW.AARONNOTARY.com